LAWRENCE CAREY AND WILLIAM CAREY, RESPONDENTS, v. THE LONDON PROVINCIAL FIRE INSURANCE COMPANY (LIMITED), APPELLANT.

SAME v. NORTHERN ASSURANCE COMPANY OF ABERDEEN AND LONDON, APPELLANT.

*Insurance upon a leasehold interest — right of the lessee to recover the profits, arising from a sub-lease, lost by reason of the fire.*

The complaint in this action alleged that the plaintiffs, the lessees of certain buildings in the city of New York, in February, 1883, received from the defendant, an insurance company, a policy of insurance upon their lease of the buildings. The rent reserved by this lease was $3,750 a year, while the plaintiffs had sub-let the premises so as to yield them an annual profit of $2,250. In May, 1883, the premises were damaged by fire and rendered untenantable until October of the same year. During this period the rent falling due upon the lease to the plaintiffs, and that falling due upon their leases to the sub-tenants, was suspended by virtue of the provisions thereof.

This action was brought to recover the amount of the profit which would have accrued to the plaintiffs upon their sub-leases had not the premises been injured by the fire.

*Held*, that a demurrer interposed by the defendant, upon the ground that the complaint did not state facts sufficient to constitute a cause of action, was frivolous and that a judgment in favor of the plaintiffs was properly ordered thereon.

APPEALS from an order, made at a Special Term, overruling as frivolous a demurrer interposed by the defendant in each of the above entitled actions, and directing a judgment to be entered in favor of the plaintiffs.

*Carlisle Norwood, Jr.*, for the appellant.

*J. Stewart Ross*, for the respondents.

DYKMAN, J. :

The defendant introduced a demurrer to the complaint in both of these actions, and the plaintiff moved for judgment on the demurrers, as frivolous. The motion was granted and the defendant appealed.

The plaintiffs were lessees of certain buildings in the city of New York at an annual rent of $3,750, and procured from each of the defendants a policy of insurance " on their lease of the brick building." This was in February, 1883, and in May, of the same year, the premises leased were damaged and partially destroyed by fire, so that they were untenantable and the plaintiff and this sub-tenant were deprived of the use and enjoyment thereof from May until October of the same year, during which period of time the rent ceased by the terms of the lease to the plaintiff, and their lease to their sub-tenant was on the same terms. In the complaint the plaintiff says : " The rent reserved in and by both of said leases ceased for said period (from May to October) and these plaintiffs were therefore by reason of said fire caused to sustain loss and damages on the said lease in the sum of $812.50, being the amount of the profit upon their said lease so insured as aforesaid, which would have accrued to them between said 29th day of May, 1883, and October 9, 1883, had not said premises been destroyed by fire as aforesaid. This allegation is founded on the following facts, also stated in the complaint : The plaintiffs had relet the premises for four years and upwards at $6,000 a year, being a profit to them of $2,250 a year. These companies, by the policies in suit, undertook and agreed to indemnify the plaintiffs against such loss as they might sustain in their proprietory interest in the premises during their term, or the continuance of their lease. The measure of their loss is the value of the premises, subject to the rent, and that value

seems to have been established by the rent they were to receive beyond that they were to pay. We have no other facts that will set up a drawback for repairs, or insurance, or any other subject. This is within the rule laid down in *Niblo* v. *North American Company* (1 Sandf., 591). In the first condition in both of these policies it is provided that in case of such destruction by fire of the above described premises, that the lease held by the assured shall be by its terms and in fact canceled, then this company shall be liable to pay in a way specified ; but that contingency did not come, and so this condition is inoperative.

Our conclusion is, that these complaints state a cause of action and that the demurrers are not well taken.

The order appealed from should be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred.

Orders overruling demurrers as frivolous affirmed, with costs.